# UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH DAKOTA
# CENTRAL DIVISION



| | |
|---|---|
| BITUMINOUS CASUALTY CORPORATION, <br><br> PLAINTIFF, <br><br> -vs- <br><br> ALEX KILLS IN WATER, AUSTIN ARROW AND ROSEBUD CONCRETE, INC., <br><br> DEFENDANTS. | CIVIL NO. 13-3017 <br><br><br> **COMPLAINT** |

The Plaintiff, Bituminous Casualty Corporation ("Bituminous"), by and through its attorneys, May Adam Gerdes & Thompson LLP and Bates Carey Nicolaides LLP, for its Complaint pursuant to 28 U.S.C. § 2201 against the Defendants, Alex Kills In Water, Austin Arrow and Rosebud Concrete, Inc., states and alleges as follows:

## JURISDICTION AND VENUE

1. Plaintiff Bituminous is an Illinois insurance company duly authorized to transact the business of insurance in South Dakota, with its principal place of business in Rock Island, Illinois.

2. Defendant Alex Kills In Water (hereinafter "Kills In Water") is an individual residing in Todd County, South Dakota.

3. Defendant Austin Arrow (hereinafter "Arrow") is an individual residing in Todd County, South Dakota.

4. Defendant Rosebud Concrete, Inc. (hereinafter "Rosebud") is a South Dakota corporation with its principal place of business in Tripp County, South Dakota.

5. This civil action presents an insurance coverage dispute with respect to a motor vehicle accident that took place on or about January 8, 2012 in Todd County, South Dakota.

6. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) and (c)(1) as Bituminous is not a citizen of any state in which any of the defendants are citizens, and the amount in controversy exceeds $75,000, exclusive of interest and costs of suit.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) and (2) because all of the Defendants are residents of Todd County or Tripp County, South Dakota, and the motor vehicle accident in question took place in Todd County, South Dakota.

8. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 2201 insofar as an actual controversy exists between Bituminous and the Defendants regarding whether Bituminous has any insurance coverage obligations whatsoever to the Defendants and, if so, the applicable limit of Bituminous' liability under its insurance policy.

**THE BITUMINOUS INSURANCE POLICY**

9. Bituminous issued a Business Auto insurance policy to Rosebud under Policy No. CAP 3 564 125, effective for the policy period from January 1,

2012 to January 1, 2013 ("Bituminous policy"). A copy of the Bituminous policy is attached hereto as Exhibit A.

## FACTUAL BACKGROUND

10. At or about 11:00 p.m., on Sunday, January 8, 2012, Kills In Water and Arrow were involved in a single-vehicle accident in which Kills In Water was allegedly driving a Dodge pick-up truck owned by Rosebud.

11. Arrow was allegedly injured as a result of the accident.

12. At the time of the accident, Kills In Water was an employee of Rosebud.

13. At all times relevant, Rosebud employees were not permitted to use vehicles owned by Rosebud for an employee's personal business without the express permission of a Rosebud manager.

14. At the time of the accident, Kills In Water was driving the Dodge truck for Kills In Water's personal business and not for a business purpose of Rosebud.

15. Before taking the Dodge truck on the night of the accident, Kills In Water did not seek or obtain permission from a Rosebud manager to use the Dodge truck.

16. Kills In Water's employment with Rosebud was terminated because of his use of the Dodge truck without Rosebud's permission.

17. On April 3, 2012, Kills In Water admitted guilt to violation of Special Condition #1 of his term of supervision in U.S. Court District for the

District of South Dakota Case No. 3:07CR30014-01 by his consumption of alcohol on the day of the accident. A copy of the District Court's Judgment is attached hereto as Exhibit B.

18. The Rosebud Sioux Tribal Police Department measured Kills In Water as having a blood alcohol content of .239 percent shortly after the accident.

19. On September 13, 2012, in the Rosebud Sioux Tribal Court, Kills In Water pleaded no contest to the charge of theft of the Dodge truck on the night of the accident. A copy of the Rosebud Sioux Tribal Court Judgment of Conviction is attached hereto as Exhibit C.

20. By letter dated August 22, 2012, counsel for Arrow wrote to Bituminous alleging that the negligence of Bituminous' insured caused injury to arrow and various consequential damages in excess of $500,000 to Arrow as a result of the accident in question. Counsel requested that Bituminous forward an offer to settle Arrow's claim. A copy of the August 22, 2012 letter is attached hereto as Exhibit D.

### COUNT I – DECLARATORY RELIEF – BITUMINOUS OWES NO INSURANCE COVERAGE TO KILLS IN WATER UNDER THE BITUMINOUS POLICY

21. Bituminous repeats and incorporates by reference herein the allegations of Paragraphs 1 through 20 of this Complaint.

22. The Named Insured in the Declarations of the Bituminous policy is "Rosebud Concrete, Inc."

4

23. The Bituminous policy states as follows:

**BUSINESS AUTO COVERAGE FORM**

Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations. The words "we," "us" and "our" refer to the company providing this insurance.

\* \* \*

**SECTION II – LIABILITY COVERAGE**

**A. Coverage**

We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto".

\* \* \*

We have the right and duty to defend any "insured" against a "suit" asking for such damages or a "covered pollution cost or expense". However, we have no duty to defend any "insured" against a "suit" seeking damages for "bodily injury" or "property damage" or a "covered pollution cost or expense" to which this insurance does not apply. We may investigate and settle any claim or "suit" as we consider appropriate. Our duty to defend or settle ends when the Liability Coverage Limit of Insurance has been exhausted by payment of judgments or settlements.

1.  **Who Is An Insured**

The following are "insureds":

    a.    You [Rosebud] for any covered "auto".

    b.    Anyone else while using with your [Rosebud's] permission a covered "auto" you own, hire or borrow except:

\* \* \*

5

(See Exhibit A.)

24. At the time of the accident, Kills In Water was not using the Dodge truck with the permission of Rosebud.

25. Consequently, Kills In Water does not qualify as an "insured" as defined in the Bituminous policy.

26. Therefore, Bituminous does not have any obligation to defend or indemnify Kills In Water in connection with the motor vehicle accident in question.

WHEREFORE, Plaintiff Bituminous Casualty Corporation, respectfully requests that this Court enter a judgment:

    (a) declaring that Bituminous has no obligation to defend or indemnify Kills In Water under the Bituminous policy in connection with the accident at issue;
    (b) awarding Bituminous its attorneys' fees, costs, and disbursements in prosecuting this action; and
    (c) awarding all other and further relief as this Court deems just and proper.

### COUNT II – DECLARATORY RELIEF – THE LIMIT OF LIABILITY UNDER THE BITUMINOUS POLICY IS $25,000

27. Bituminous repeats and incorporates by reference herein the allegations of Paragraphs 1 through 26 of this Complaint.

28. The Declarations of the Bituminous policy states that the limit of liability coverage under the policy is $1,000,000.

29. The Bituminous policy contains a Named Driver Liability Coverage Limitation And Physical Damage Exclusion Endorsement (Form AA 3015

(09/00)) which "steps down" the limit of liability under the Bituminous policy whenever a covered "auto" is being driven or operated by Alex Kills In Water. Specifically, the Endorsement states as follows:

### NAMED DRIVER LIABILITY COVERAGE LIMITATION AND PHYSICAL DAMAGE EXCLUSION ENDORSEMENT

This endorsement becomes effective at the inception date of the policy, unless a different effective date is listed below.

In consideration of the premium charged for this policy, it is agreed that the coverage provided under the policy is amended whenever a covered "auto" described in this policy is driven or operated by a Named Driver listed below. In such cases,

**Liability Coverage**: Coverage under the "Section II – Liability Coverage, C. Limit Of Insurance" portion of the policy is amended as follows:

Regardless of the number of covered "autos", insureds, premiums paid, claims made or vehicles involved in the "accident" the most we will pay for the total of all damages and "covered pollution cost or expense" combined resulting from any one "accident" is the minimum liability limits specified by a compulsory or financial responsibility law at the time of "accident" of the government jurisdiction where the "accident" occurs.

\*     \*     \*

No one will be entitled to receive duplicate payments for the same elements of "loss" under this Coverage Form and any Medical Payments Coverage Endorsement, Uninsured Motorists Coverage Endorsement or Underinsured Motorist Coverage Endorsement attached to this Coverage Part.

\*     \*     \*

ALEX KILLS IN WATER
 (Named Driver)
\*     \*     \*

(See Exhibit A.)

30. South Dakota law requires all auto liability policies to contain a limit of liability of at least $25,000 because of injury to one person in any one accident. S.D. Codified Laws § 32-35-70.

31. Under the Named Driver Liability Coverage Limitation And Physical Damage Exclusion Endorsement, the most Bituminous is obligated to pay for the total of all damages resulting from the motor vehicle accident in question is $25,000.

WHEREFORE, Plaintiff Bituminous Casualty Corporation, respectfully requests that this Court enter a judgment:

(a) declaring that the most Bituminous is obligated to pay for the total of all damages resulting from the motor vehicle accident in question is $25,000;

(b) awarding Bituminous its attorneys' fees, costs, and disbursements in prosecuting this action; and

(c) awarding all other and further relief as this Court deems just and proper.

### COUNT III – DECLARATORY RELIEF – BITUMINOUS OWES NO MEDICAL PAYMENTS BENEFITS TO ARROW UNDER THE BITUMINOUS POLICY

32. Bituminous repeats and incorporates by reference herein the allegations of Paragraphs 1 through 31 of this Complaint.

33. The Bituminous policy contains an Auto Medical Payments Coverage endorsement (Form CA 99 03 03 06), which states as follows:

8

## AUTO MEDICAL PAYMENTS COVERAGE

\* \* \*

**A. Coverage**

We will pay reasonable expenses incurred for necessary medical and funeral services to or for an "insured" who sustains "bodily injury" caused by "accident". We will pay only those expenses incurred, for services rendered within three years from the date of the "accident".

**B. Who Is An Insured**

\* \* \*

3. Anyone "occupying" a covered "auto" or a temporary substitute for a covered "auto". The covered "auto" must be out of service because of its breakdown, repair, servicing, "loss" or destruction.

\* \* \*

**C. Exclusions**

This insurance does not apply to:

\* \* \*

7. Anyone using a vehicle without a reasonable belief that the person is entitled to do so.

\* \* \*

**D. Limit Of Insurance**

1. Regardless of the number of covered "autos", "insureds", premiums paid, claims made or vehicles involved in the "accident", the most we will pay for "bodily injury" for each "insured" injured in any one "accident" is the Limit Of Insurance for Auto Medical Payments Coverage shown in the Declarations.

> No one will be entitled to receive duplicate payments for the same elements of "loss" under this coverage and any Liability Coverage Form, Uninsured Motorists Coverage Endorsement or Underinsured Motorists Coverage Endorsement attached to this Coverage Part.
>
> \* \* \*
>
> **F. Additional Definitions**
>
> \* \* \*
>
> **2.** "Occupying" means in, upon, getting in, on, out or off.
>
> \* \* \*

(See Exhibit A.)

34. At the time of the motor vehicle accident in question, Arrow was not using the Dodge truck with a reasonable belief that he was entitled to do so.

35. Consequently, there is no coverage for Arrow under the Auto Medical Payments Coverage endorsement of the Bituminous policy.

WHEREFORE, Plaintiff Bituminous Casualty Corporation, respectfully requests that this Court enter a judgment:

(a) declaring that Bituminous has no obligation to provide medical payments benefits to Arrow under the Bituminous policy;

(b) awarding Bituminous its attorneys' fees, costs, and disbursements in prosecuting this action; and

(c) awarding all other and further relief as this Court deems just and proper.

### COUNT IV – DECLARATORY RELIEF – BITUMINOUS OWES NO UNINSURED MOTORIST BENEFITS TO ARROW UNDER THE BITUMINOUS POLICY

36. Bituminous repeats and incorporates by reference herein the allegations of Paragraphs 1 through 35 of this Complaint.

37. The Bituminous policy contains an Uninsured And Underinsured Motorist Coverage endorsement (Form CA 21 41 03 06), which states as follows:

**SOUTH DAKOTA UNINSURED AND UNDERINSURED MOTORISTS COVERAGE**

\*   \*   \*

**A.   Coverage**

1. We will pay all sums the "insured" is legally entitled to recover as compensatory damages from the owner or driver of an "uninsured" or "underinsured motor vehicle". The damages must result from "bodily injury" sustained by the "insured" caused by an "accident". The owner's or driver's liability for these damages must result from the ownership, maintenance or use of the "uninsured" or "underinsured motor vehicle".

2. If this insurance provides a limit in excess of the amounts required by the applicable law where a covered "auto" is principally garaged, we will pay only after all liability bonds or policies have been exhausted by payment of judgments or settlements.

\*   \*   \*

**B.   Who Is An Insured**

If the Named Insured is designated in the Declarations as:

\*   \*   \*

11

    2.    A partnership, limited liability company, corporation or any other form of organization, then the following are "insureds":

        a.    Anyone "occupying" a covered "auto" or a temporary substitute for a covered "auto". The covered "auto" must be out of service because of its breakdown, repair, servicing, "loss" or destruction.

        \*    \*    \*

**C.**    **Exclusions**

This insurance does not apply to:

        \*    \*    \*

    5.    Anyone using a vehicle without a reasonable belief that the person is entitled to do so.

        \*    \*    \*

**D.**    **Limit Of Insurance**

        \*    \*    \*

    2.    No one will be entitled to receive duplicate payments for the same elements of "loss".

We will not make a duplicate payment under this Coverage for any element of "loss" for which payment has been made by or for anyone who is legally responsible, including all sums paid under this Coverage Form's Liability Coverage.

        \*    \*    \*

    3.    With respect to damages resulting from an "accident" with an "underinsured motor vehicle", the limit of liability shall be reduced by all sums paid by or for anyone who is legally responsible

        including all sums paid under this Coverage Form's Liability Coverage.

    **4.**    Any amount paid under this coverage will reduce any amount an "insured" may be paid under this Coverage Form's Liability Coverage.

        \*   \*   \*

**F.**    **Additional Definitions**

    As used in this endorsement:

        \*   \*   \*

    **2.**    "Occupying" means in, upon, getting in, on, out or off.

    **3.**    "Uninsured motor vehicle" means a land motor vehicle or "trailer":

        **a.**    For which no liability bond or policy at the time of an "accident" provides at least the amounts required by the applicable law where a covered "auto" is principally garaged, or

        **b.**    For which an insuring or bonding company denies coverage or is or becomes insolvent, or

        \*   \*   \*

(See Exhibit A.)

    38.    At the time of the motor vehicle accident in question, Arrow was not using the Dodge truck with a reasonable belief that he was entitled to do so.

    39.    Consequently, there is no coverage for Arrow under the Uninsured And Underinsured Motorist Coverage endorsement of the Bituminous policy.

WHEREFORE, Plaintiff Bituminous Casualty Corporation, respectfully requests that this Court enter a judgment:

(a) declaring that Bituminous has no obligation to provide uninsured motorist benefits to Arrow under the Bituminous policy;

(b) awarding Bituminous its attorneys' fees, costs, and disbursements in prosecuting this action; and

(c) awarding all other and further relief as this Court deems just and proper.

### COUNT V – DECLARATORY RELIEF – IN THE ALTERNATIVE – THE LIMIT OF UNINSURED MOTORIST BENEFITS UNDER THE BITUMINOUS POLICY IS $25,000

40. Bituminous repeats and incorporates by reference herein the allegations of Paragraphs 1 through 39 of this Complaint.

41. The Declarations of the Bituminous policy states that the limit of uninsured motorist benefits under the policy is $300,000.

42. The Named Driver Liability Coverage Limitation And Physical Damage Exclusion Endorsement (Form AA 3015 (09/00)) "steps down" the limit of uninsured motorist benefits payable under the Bituminous policy whenever a covered "auto" is being driven or operated by Alex Kills In Water. Specifically, the Endorsement states as follows:

> **NAMED DRIVER LIABILITY COVERAGE LIMITATION AND PHYSICAL DAMAGE EXCLUSION ENDORSEMENT**
> This endorsement becomes effective at the inception date of the policy, unless a different effective date is listed below.
> In consideration of the premium charged for this policy, it is agreed that the coverage provided under the policy is amended whenever a covered "auto" described in this policy

is driven or operated by a Named Driver listed below. In such cases,

**Liability Coverage**: Coverage under the "Section II – Liability Coverage, C. Limit Of Insurance" portion of the policy is amended as follows:

Regardless of the number of covered "autos", insureds, premiums paid, claims made or vehicles involved in the "accident" the most we will pay for the total of all damages and "covered pollution cost or expense" combined resulting from any one "accident" is the minimum liability limits specified by a compulsory or financial responsibility law at the time of "accident" of the government jurisdiction where the "accident" occurs.

\*   \*   \*

No one will be entitled to receive duplicate payments for the same elements of "loss" under this Coverage Form and any Medical Payments Coverage Endorsement, Uninsured Motorists Coverage Endorsement or Underinsured Motorist Coverage Endorsement attached to this Coverage Part.

\*   \*   \*

**Uninsured Motorist and/or Underinsured Motorist Liability Coverage**: If Uninsured Motorist (UM) and/or Underinsured Motorist (UIM) coverage is provided by this policy you further agree that this endorsement will also serve as selection of UM/UIM limits not to exceed the minimum liability limits provided by this endorsement while the named driver listed below is driving or operating a covered automobile.

\*   \*   \*

<u>ALEX KILLS IN WATER</u>
 (Named Driver)

\*   \*   \*

(See Exhibit A.)

43.   South Dakota law requires all auto liability policies to contain a limit of liability of at least $25,000 because of injury to one person in any one accident. S.D. Codified Laws § 32-35-70.

44.   In the alternative, if this court determines that the Dodge truck is an "uninsured motor vehicle," and that Arrow is entitled to uninsured motorist

15

benefits under the Bituminous policy, the most Bituminous is obligated to pay for uninsured motorist benefits is $25,000.

WHEREFORE, Plaintiff Bituminous Casualty Corporation, respectfully requests that, in the alternative, this Court enter a judgment:

(a) in the alternative, if this Court determines that Arrow is entitled to uninsured motorist benefits under the Bituminous policy, the most Bituminous is obligated to pay for uninsured motorist benefits is $25,000;
(b) awarding Bituminous its attorneys' fees, costs, and disbursements in prosecuting this action; and
(c) awarding all other and further relief as this Court deems just and proper.

Dated this 22nd day of May, 2013.

Respectfully submitted,

BITUMINOUS CASUALTY CORPORATION

By: _____
MICHAEL F. SHAW
ROBERT B. ANDERSON
Attorneys for Plaintiff
503 South Pierre Street
P.O. Box 160
Pierre, SD   57501-0160
Telephone: (605)224-8803
Telefax: (605)224-6289
E-mail: mfs@magt.com, rba@magt.com

John E. Rodewald
John A. Husmann
Bates Carey Nicolaides LLP
191 N. Wacker Drive
Suite 2400
Chicago, IL 60606
Telephone: 312-762-3100
Facsimile: 312-762-3200